IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:19CR3012 |
| vs. | |
| DAVID E. DOLL, | FINDINGS, RECOMMENDATION AND ORDER |
| Defendant. | |

Defendant David E. Doll moves to dismiss Count I of the Indictment, arguing this Count is barred by the statute of limitations. ([Filing No. 20](#)). The motion raises only an issue of law. The facts are not in dispute and no hearing was held. For the reasons discussed below, the motion should be denied.

FACTUAL STATEMENT

The indictment against Doll was filed on January 23, 2019. ([Filing No. 1](#)). The indictment alleges Doll was the operator and owner of two limited liability corporations, Double D Excavating ("DDE"), and Load Rite Excavating ("LRE"). DDE and LRE, acting by and through Doll, allegedly withheld payroll taxes from employee wages, but those tax withholdings were not paid over to the Internal Revenue Service ("IRS").

As to Count I, the indictment alleges:

During the third quarter of the year 2012, ending September 30, 2012, DAVID E. DOLL, defendant herein, deducted and collected from the total taxable wages of Double D Excavating employees, "payroll taxes" in the amount of approximately $66,835.46. On or about October 31, 2012, in the District of Nebraska, Defendant did

willfully fail to pay over to the Internal Revenue Service $66,835.46 in "payroll taxes" due and owing to the United States of America for the quarter ending September 30, 2012, with the Form 941 for this quarter filed on December 19, 2012.

In violation of Title 26, United States Code, Section 7202.

([Filing No. 1 at CM/ECF pp. 2-3](#)).

## ANALYSIS

An employer who fails to pay taxes withheld from its employees' wages is liable for the taxes which should have been paid. 26 U.S.C.A. §§ 3102(b) and 3403. Slodov v. United States, 436 U.S. 238, 243 (1978). Any person required 'to collect, account for, and pay over any tax imposed . . . who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony . . . ." 26 U.S.C.A. § 7202. Prosecutions for willfully failing to pay over taxes withheld from employee wages are subject to the statute of limitations described in 26 U.S.C.A. § 6531(4). United States v. Gollapudi, 130 F.3d 66, 70 (3d Cir. 1997) (holding a §7202 offense for willfully failing to "account for and pay over" to the IRS taxes withheld from employees is subject to a six-year statute of limitations under § 6531(4)); United States v. Porth, 426 F.2d 519, 521–22 (10th Cir. 1970) (holding charges of willful failure to truthfully account for and pay over to the IRS FICA and general income taxes withheld from wages is subject to the six-year statute of limitations of § 6531(4)).

> 26 U.S.C.A. § 6531(4) states:
>
> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

> . . .
>
> (4) for the offense of willfully failing to pay any tax, or make any return (other than a return required under authority of part III of subchapter A of chapter 61) at the time or times required by law or regulations . . .

26 U.S.C.A. § 6531 (4). "For the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable." 26 U.S.C.A. § 6531.

The parties agree that §6531(a) provides the statute of limitations applicable to Count I, but they disagree as to when the six-year limitations period begins. Doll claims Count I is barred by the statute of limitations because the indictment was filed on January 23, 2019, more than six years after October 31, 2018 (when the 2012 third quarter filing was due) and December 19, 2012 (when Doll filed the third quarter Form 941). The government argues the limitations period began on April 15, 2013, the filing due date for the 2012 tax year.

> Doll argues:
>
> In this case, based upon the Indictment filed by the United States, the earliest possible date when Doll could have evidenced willful non-payment would be October 31, 2012, the date such tax was due. . . . The statute of limitations under 26 U.S.C. § 6531 for such an offense would be measured six years from October 31, 2012, or October 31, 2018.

(Filing No. 21, at CM/ECF p. 3). However, any claim that Doll's alleged act of willful non-payment occurred on October 31, 2012 is refuted by the reasoning in United States v. Habig, 390 U.S. 222, 225–26 (1968). In Habig, a taxpayer claimed that under §6513(a),[1] and for the purposes of identifying the onset of the

---

[1] 26 U.S.C.A. § 6513(a) states:

applicable limitations period, his alleged willful act of nonpayment of taxes occurred when the payment was due—when it was "prescribed" by statute to be paid—and not when it was later paid during an extension period granted by the IRS. In response, the government argued that under any reasonable statutory interpretation, a limitations period cannot begin before the taxpayer commits the acts upon which tax prosecution is based. Habig agreed with the government, explaining:

> Section 6513(a), as its title clearly indicates, was designed to apply when a return is filed or a tax is paid before the statutory deadline. The first two sentences provide that the limitations periods on claims for refunds and tax suits (26 U.S.C. §§ 6511, 6512), when the return has been filed or payment made in advance of the date 'prescribed' therefor, shall not begin to run on the early date, but on the 'prescribed' date. The third sentence states that, for 'purposes of (the) subsection,' the date 'prescribed' for filing or payment shall be determined on the basis fixed by statute or regulations, without regard to any extension of time. The net effect of the language is to prolong the limitations period when, and only when, a return is filed or tax paid in advance of the statutory deadline.

Habig, 390 U.S. at 225.

Section 6513(a) applies only when a return is filed or a tax is paid <u>before</u> the statutory deadline, and it prolongs the limitations period when the filing or payment is made before that deadline. Habig, 390 U.S. at 225. Here, as stated in

---

**Early return or advance payment of tax**.--For purposes of section 6511, any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day. For purposes of section 6511(b)(2) and (c) and section 6512, payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day. For purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments.

the Count I of the indictment, Doll's third quarter payment was due on October 31, 2012, but it was not paid until December 19, 2012. So, applying the reasoning in Habig, § 6513(a) cannot be interpreted as defining October 31, 2012—when the withholding payment was due but before Doll made it—as the start of the limitations period for the charge alleged in Count I.

Citing United States v. Ogbazion, 2016 WL 6070365 (S.D. Ohio, 2016), Doll alternatively argues the limitations period began on December 19, 2012, when he actually made the third quarter wage withholding payment. There is no language in §6513 supporting this outcome.[2] To the contrary, as explained in Habig, §6513 was written to eliminate the need for a case-by-case assessment of the limitations period. Incorporating §6513 into §6531 for purposes of criminal tax investigations provides administrative assistance to the government by establishing a uniform expiration date for most taxpayers, despite variations in the dates of actual filing. Habig, 390 U.S. at 224–25.

Count I alleges Doll withdrew taxes from DDE and LRE employee wages, but willfully failed to pay over those withholdings to the IRS. An employer's obligation to deduct taxes from employee wages and then pay those withheld taxes to the IRS is codified in 26 U.S.C.A. §§ 3102 and 3403. These statutes are within chapters 21 ("Employment Taxes") and 24 ("Collection of Income Tax at Source on Wages"), respectively, of the IRS Code.

---

[2] Even if this court accepted the Ogbazion's reasoning and holding, Ogbazion does not support pretrial dismissal of Count I on the basis of the statute of limitations. While Ogbazion held that an offense is only completed for limitations purposes once the element of "willfulness" arises, "determining the commencement of the statute of limitations requires a finding by a jury as to when, if ever, a defendant's failure to pay became willful." Ogbazion, 2016 WL 6070365, at *13. Jury issues cannot be decided by the court on a pretrial motion to dismiss.

The government argues the limitations period for Count I began on April 15, 2013, when the tax return was due for the 2012 tax year. Consistent with the government's position, § 6513(c), entitled "Return and payment of social security taxes and income tax withholding," defines the limitations period for tax obligations owed under chapters 21 and 24 as follows:

(1) If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and

(2) If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

26 U.S.C.A. § 6513 (c).[3]

As applied to Count I, Doll's withholdings from employee wages, and his alleged failure to pay over all money withheld, occurred during the 2012 tax year and before April 15, 2013. Pursuant to §6513(c), for the purposes of determining the limitations period for any criminal prosecution, Doll's tax obligation for remuneration or payment of 2012 tax withholdings is deemed to commence on April 15 of the succeeding calendar year; that is, April 15, 2013. The

---

[3] Section 6513(c) includes the qualifying statement, "for purposes of section 6511." Neither party has argued the import of this qualifier as applies to the charges against Doll. Nonetheless, as explained in United States v. Hussain, No. 13-CR-00408-JST, 2016 WL 270956, at *5 (N.D. Cal. Jan. 22, 2016), if §6513(c) is limited to actions for recovering refunds and credits under §6511, the language of §6531 incorporating §6513 for the purposes of criminal proceedings would be rendered meaningless. "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant. . . ." Corley v. United States, 556 U.S. 303, 314 (2009).

government's indictment for willful failure to pay taxes owed was filed within six years thereafter, on January 23, 2019. Count I was therefore timely filed, and Doll's motion to dismiss should be denied. See United States v. Hussain, No. 13-CR-00408-JST, 2016 WL 270956, at *5 (N.D. Cal. Jan. 22, 2016) (holding the limitations period for failing to pay over employee taxes withheld during the first, second, and third quarter of 2006 commenced on April 15, 2007); United States v. Whatley, No. 2:09CR531DAK, 2010 WL 1236401, at *2 (D. Utah Mar. 29, 2010) (holding that under §6513(c), for the purposes of prosecuting a charge of failing to pay over employee withholdings, an employment tax return is deemed filed on April 15 of the succeeding calendar year); United States v. Davis, No. 08-03033-01/03CR-S, 2009 WL 4281988, at *2 (W.D. Mo. May 8, 2009), report and recommendation adopted, No. 08-3033-01-CR-S-RED, 2009 WL 3698426 (W.D. Mo. Nov. 3, 2009) (denying dismissal based on the statute of limitations, holding that under §6513(c), the limitations period began on April 15, 2002 as to charges for making false quarterly tax returns in 2001).

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to dismiss filed by the defendant (Filing No. 20) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:
1) A trial date will not be set at this time. Instead, a status conference will be held before the undersigned magistrate judge at 1:00 p.m. on September 9, 2019 to discuss the status of case preparation and a potential trial setting. Defendant, defense counsel, and counsel for

the government shall be present at the conference, all of whom shall use the conferencing instructions assigned to this case, (Filing No. 11), to participate.

2) The Court further finds that the time between today's date and September 9, 2019 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because this case remains "unusual and complex," and is exempted from the time restrictions of the Speedy Trial Act, 18 U.S.C.A. 3161(h)(7)(B)(ii).

August 30, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge